UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON R. DELAROSA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-00423-AC<br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

# I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security income on August 31, 2012. Administrative Record ("AR") 17, 228.[2] The disability onset date for both applications was alleged to be April 29, 2011. Id. The applications were disapproved initially and on reconsideration. AR 146-49. On June 24, 2015 ALJ Peter F. Belli presided over the oral hearing on plaintiff's challenge to the disapprovals. AR 37-85 (transcript). Plaintiff was present and testified at the hearing. AR 37-39. Plaintiff was represented by attorney Shirley Hull at the hearing. AR 37. A Vocational Expert, Thomas Reed, testified at the hearing. Id.

On September 16, 2015, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 17-31 (decision). On January 31, 2017, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-4 (decision).

Plaintiff filed this action on February 25, 2017. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF No. 7. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 18 (plaintiff's summary judgment motion), 22 (Commissioner's summary judgment motion).

# II. FACTUAL BACKGROUND

Plaintiff was born in 1968, and accordingly was 42 years old on the alleged disability onset date, making him a "younger person" under the regulations. AR 29; see 20 C.F.R §§ 404.1563(c), 416.963(c) (same). Plaintiff has a high school education, and can communicate in English. Id.

# III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the

---
[2] The AR is electronically filed at ECF Nos. 10-3 to 13-15 (AR 1 to AR 935).

Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment. . .'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or

disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since April 29, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)
>
> 3. [Step 2] The claimant has the following severe impairments: disorders of back discogenic and degenerative, osteoarthrosis and allied disorders, disorders of muscle, ligament and fascia, anxiety disorders, obesity, and affective disorders (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567 (b) and 416.967 (b) except he can lift, carry, push, and /or pull 20 pounds occasionally and 10 pounds frequently. He can sit six hours out of an eight-hour day with normal breaks. He needs a sit/stand option not leaving the workstation; he can sit about 40-45 minutes then needs a change in position. He can stand or walk two hours out of an eight-hour workday with no prolonged walking or standing, but 20 to 30 minutes at a time. He cannot climb ladders, ropes, or scaffolds. He can occasionally stoop, crouch, crawl, kneel, and climb stairs and ramps. He cannot work on uneven surfaces. He is able to receive, understand, remember, and carry out simple instructions and no detail or complex job instruction. He is limited to occasional interaction with general public. He is able to frequently interact with supervisors and coworkers. He is able to make adjustments to simple changes in the workplace and is able to make simple workplace adjustments.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. [Step 5] The claimant was born on November 26, 1968 and was 42 years old, which is defined as a younger individual age 18-49, on

the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404. 1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 29, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 14-31.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 30-31.

## VI. ANALYSIS

The plaintiff argues that the ALJ erred in (1) evaluating the medical evidence, including the opinion of Dr. Purcell, his treating physician, and other medical professionals; (2) discrediting plaintiff's subjective complaints; (3) posing questions to the vocational expert ("VE"); and (4) in formulating the RFC. ECF No. 18 at 18.

A. <u>The ALJ Properly Weighed the Opinion of All Medical Professionals</u>

The ALJ did not err in assigning little weight to the opinion of treating physician Dr. Annie Davidson Purcell, because he gave specific and legitimate reasons for his decision. AR 27. Likewise, he properly explained his weight allocation regarding the opinions of Dr. Broderick, Dr. Schumacher, Dr. Sunde, and other medical professionals. AR 22-28. "Those physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships. As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons.

6

Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (internal citations omitted). "The general rule is that conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). However, when the ALJ resolves conflicts by rejecting the opinion of an examining physician in favor of the conflicting opinion of another physician (including another examining physician), he must give "specific and legitimate reasons" for doing so. Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298-99 (9th Cir. 1999) ("Even if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record.").

### 1. *The ALJ did not err in giving little weight to Dr. Purcell's opinion*

The ALJ gave little weight to the medical assessment of Dr. Annie Davidson Purcell[3] because: (1) Dr. Purcell's opinion was not consistent with the medical record taken as a whole; and (2) the plaintiff's medical improvement conflicted with Dr. Purcell's opinion. ECF No. 18 at 19-22. Plaintiff argues that each of these reasons is insufficient to support discounting Dr. Purcell, but the court disagrees. Plaintiff also contends that the ALJ misrepresented Dr. Purcell's opinion by stating that she opined plaintiff could stand or walk for 4 hours in an 8-hour day, while the actual opinion did not provide a maximum amount of standing or walking. AR 27, 716. The undersigned finds that this error is harmless. Robbins, 466 F.3d at 885.

First, plaintiff takes issue with the ALJ's finding that Dr. Purcell's opinion of extreme limitations was inconsistent with her own treatment notes. Id. at 20. The ALJ's finding in this regard is supported by the medical record. Dr. Purcell had noted that plaintiff frequently denied symptoms of numbness or weakness in the extremities, unwanted weight loss, or changes in balance or coordination. AR 857, 860, 867, 872, 875, 878, 882. Dr. Purcell's notes also contain

---

[3] Dr. Purcell's medical assessment is located at AR 659-62 & 851-84.

findings of normal spinal strength with no atrophy, normal range of motion, no evidence of instability, and normal curvature. AR 660, 853. Accordingly, there was no error. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir.2005) (a doctor's statement may be rejected when his or her own notes, recorded observations, or recorded opinions contradict the statement).

The ALJ further found that Dr. Purcell's October 2013 opinion that the plaintiff can only sit for fifteen minutes (AR 27 & 716) is inconsistent with the record as a whole, including medical notes from February 2015 documenting that plaintiff stopped seeing his physician due to back stability (AR 27 & 912). An ALJ may reject a treating physician's opinion if it is conclusory and unsupported by the record as a whole. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004), *see also* 20 C.F.R. § 416.927(c)(4) (explaining that more weight is given to opinions that are consistent with the record as a whole). Moreover, the ALJ cited plaintiff's statement that medications such as Norco, Tramadol, and Lexapro helped suppress his symptoms, which is consistent with the February 2015 medical notes. AR 25-27 & 912-13. The inconsistency of Dr. Purcell's opinion with the medical record as a whole, her own treatment notes specifically, and the plaintiff's own testimony, constitute specific and legitimate reasons for discrediting the opinion of Dr. Purcell.

Second, the plaintiff cites Holohan v. Massanari, 246 F.3d 1195, 1205 (9th Cir. 2001), for the proposition that if a "person. . . makes some improvement does not mean that the person's impairments no longer seriously affect [his] ability to function in a workplace." ECF No. 18 at 21. The court finds Holohan instructive but factually distinct. In Holohan, the ALJ was faulted for selectively relying on some entries in the medical record while ignoring some of a physician's "more recent" opinions that the plaintiff's impairments were "quite severe." Id. at 1207. The ALJ in this case did not do this. Rather, the ALJ discredited Dr. Purcell's opinion because it contradicted the medical record. AR 27 & 912-15. Here, the medical records show an improvement in plaintiff's condition. AR 912-15.[4] The Holohan court recognized that a contradiction between a physician's opinion and her treatment notes can "justify a decision not to

---
[4] For example, the plaintiff's conditions improved due to medication that he was taking such as Norco and Lexapro. AR 27, 623-24, 642, 654, 688, 690, 726, 739, 746, 752; & 912-915.

give the treating physician's opinion controlling weight" when the contents of the notes and the opinion actually support a finding of conflict. Holohan, 246 F.3d at 1205. In Holohan the record did not contain such a conflict. Id. Here it does. Accordingly, this constitutes a specific and legitimate reason to discount Dr. Purcell's opinion.

Finally, plaintiff contends that the ALJ erred factually in stating that Dr. Purcell limited plaintiff to 4 hours of standing or walking in an 8 hour day. While plaintiff is correct that the ALJ assigned a limitation to standing or walking where Dr. Purcell actually assigned none, the error is harmless. In fact, the error was in plaintiff's favor. See AR 27 & 717. Indeed, the RFC ultimately limited plaintiff to 2 hours of standing or walking in an eight-hour workday; an even greater limitation. AR 22. The ALJ's misstatement is accordingly harmless and cannot support reversal.

For all these reasons, remand is not warranted based on the ALJ's treatment of Dr. Purcell's opinion.

### 2. *The ALJ correctly gave some weight to Dr. Broderick*

The ALJ did not err in giving some weight to Dr. David Broderick's opinion. AR 27. Plaintiff claims the ALJ "ignored" Dr. Broderick's finding of reduced range of motion in his left shoulder. AR 24. This is incorrect; the ALJ specifically noted the limitations in the left shoulder. AR 24, 895, 897. The ALJ noted that despite back and shoulder pain, the plaintiff had not undergone and was not scheduled for surgery. AR 27. "The ALJ is permitted to consider lack of treatment in his credibility determination." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ discredited plaintiff's back pain testimony in part because she was not suggested back surgery). The ALJ further explained that despite the left shoulder weakness, treating physician notes from Dr. Purcell note that plaintiff's cervical spine, thoracic spine, and lumbosacral spine had normal curvature. AR 873. The ALJ also noted that lower extremity strength was 5/5 throughout with no focal deficits. Id. The ALJ appropriately justified granting some weight to Dr. Broderick's findings. AR 27.

### 3. The *ALJ properly weighed Dr. Schumacher and Dr. Sunde' Opinions*

The ALJ did not err in assigning great weight to Dr. Timothy Schumacher's less-

restrictive opinion of plaintiff's mental limitations and assigning only some weight to Dr. Chester Sunde's opinion, which included moderate to marked mental limitations. AR 27-28. Plaintiff argues that the ALJ erred in his determination because he failed to show that Dr. Schumacher, the non-examining physician, contradicted Dr. Sunde, a consultative examining physician. ECF No. 25 at 1-4. Plaintiff also contends that Dr. Schumacher's opinion misrepresented the records. Id.

The opinion of a non-examining physician, standing alone, cannot constitute substantial evidence for rejecting an examining physician's opinion. Pitzer v. Sullivan, 908 F.2d 502, 506 n. 4 (9th Cir. 1990); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir.1984). The ALJ must provide specific and legitimate reasons supported by substantial evidence in the record to give more weight to non-examining physician than an examining physician. Lester v. Chater, 81 F.3d 821, 831-32 (9th Cir. 1995); see also Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 600 (9th Cir.1999). Further, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954.

Here the ALJ gave sufficient reason to give only some weight to examining physician Dr. Sunde. The ALJ noted that although Dr. Sunde opined that the plaintiff had a moderately limited ability to understand, remember, and complete simple commands (698-700), treatment records showed that plaintiff successfully completed concentration tasks and his memory was intact. AR 27; see AR 290, 698-99, & 929. The ALJ also gave Dr. Sunde's limitations less weight because the record shows plaintiff's symptoms were stable on Lexapro, which is supported by the record. AR 624, 642, 655, 686, 697, 746. The ALJ appropriately supported the weight given to Dr. Sunde.

As to plaintiff's objection to the great weight assigned to Dr. Shumacher's opinion, the ALJ again properly supported his analysis. As the Commissioner points out, Dr. Schumacher was given an opportunity to review a more complete medical record which led him to conclude the plaintiff has an intact memory. AR 116-18, 121-124; ECF No. 22 at 24. As the ALJ noted, Dr. Schumacher also concluded that claimant's depression and anxiety would limit him from sustaining difficult-detailed 3 to 4 step work duties over extended periods. AR 28. The ALJ gave

Dr. Schumacher great weight because his opinion is consistent both with the medical evidence showing claimant has severe anxiety and agitation, and also with evidence that showed claimant's depression symptoms were stable on medication. Id. Plaintiff's primary objection to the evaluation of Dr. Schumacher's opinion is that it was given more weight than Dr. Sunde's. The court finds no error in the ALJ's finding that Dr. Schumacher's determinations were consistent with the record.

*4. The plaintiff failed adequately present arguments on remaining physicians*

Plaintiff appears to object to the weight given to numerous other medical sources, citing to hundreds of pages of the record without any particularized legal or factual analysis. ECF No. 18 at 15, 17-18. Plaintiff's conclusory arguments are insufficient to support remand. See Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address challenge to ALJ's finding where claimant "failed to argue th[e] issue with any specificity in his briefing.").

B. The ALJ Properly Gave Little Weight to the Plaintiff's Subjective Testimony

The ALJ did not err in his evaluation of plaintiff's subjective testimony, and remand is not required. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process: First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." Id. (internal citations omitted). While an ALJ's credibility finding must be properly supported and sufficiently specific to ensure a reviewing court the ALJ did not "arbitrarily discredit" a claimant's subjective statements, an ALJ is also not "required to believe every allegation" of disability. Fair v. Bowen, 885 F.2d 597, 603

(9th Cir. 1989). So long as substantial evidence supports an ALJ's credibility finding, a court "may not engage in second-guessing." Thomas, 278 F.3d at 958.

The ALJ provided at least four reasons for discrediting the plaintiff. The ALJ found plaintiff to be not entirely credible because: (1) the medical records did not support his alleged limitations; (2) Dr. Broderick opined that plaintiff magnified his symptoms; (3) plaintiff's pain is controlled with medications; and (4) his activities of daily living are inconsistent with the alleged pain. AR 22-26. Although the plaintiff does not address and contest each of these grounds, he argues that the ALJ did not give clear and convincing evidence to support his findings. ECF No. 18 at 22.

First, the ALJ properly considered the fact that plaintiff's subjective testimony contradicted medical records. AR 22-26. The ALJ can give less weight to a plaintiff's subjective testimony where review of objective evidence would lead to a different conclusion. Williamson v. Comm'r Of Soc. Sec. Admin., 438 F. App'x 609, 611 (9th Cir. 2011). The ALJ cited and reviewed copious amount of medical evidence demonstrating that the plaintiff's plain limitation was less severe than described. AR 22-26. For example, the ALJ discussed the plaintiff's straight leg raising, joint compressing, rapid alternative movements, lower extremity strength, gait, and other assessments. Id. Likewise, the ALJ recited the contradictory evidence and demonstrated how it was part of his assessment. Id. Accordingly, the ALJ provided clear and convincing evidence as to why he found the evidence contradictory.

The ALJ also properly relied on Dr. Broderick's report of symptom magnification (AR 26, 893-94). Dr. Broderick noted there were "signs of symptom magnification at the time of the examination." AR 893. An ALJ may discount a claimant's testimony based on a physician's observation that there is reason to suspect exaggeration of symptoms. Williamson, 438 F. App'x at 611. Further, the ALJ's third basis for discrediting plaintiff, that medication was successfully controlling symptoms, is valid. Haynes v. Colvin, 614 F. App'x 873, 876 (9th Cir. 2015) (concluding that ALJ could find the claimant is not disabled if his symptoms are controlled by medication). The ALJ explained that the medical records and plaintiff's own testimony

////

12

demonstrate stabilized symptoms with use of Norco, Tramadol, and Lexapro.  AR 26, 623-24, 642, 654, 688, 690, 726, 739, 746, & 752.

Regarding plaintiff's activities of daily living, the ALJ noted that plaintiff arises at 5:30 in the morning, cleans and spends the day with family, does chores around the hose, does not need reminders to go places, and spends time with others.  AR 26, 698.  In conjunction with the other findings discussed above, the ALJ properly found that the plaintiff's activities of daily living were inconsistent with his claims of totally disabling symptoms.  See, Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009).

For all the reasons explained above, the ALJ properly supported his evaluation of plaintiff's credibility.

C. The ALJ's Questions to the VE do not Require Remand

Plaintiff argues that the ALJ's hypothetical to the vocational expert ("VE") was improper because he posed a limitation of sitting 8 hours in an 8 hour workday, while his RFC limited plaintiff to sitting 6 hours in an 8 hour workday.  ECF No. 18 at 23.  The court finds that any error in this regard was harmless.

"At step five, the ALJ can call upon a vocational expert to testify as to: (1) what jobs the claimant, given his or her residual functional capacity, would be able to do; and (2) the availability of such jobs in the national economy.  At the hearing, the ALJ poses hypothetical questions to the vocational expert that "set out all of the claimant's impairments" for the vocational expert's consideration."  Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999).  In posing questions to the VE, and ALJ must give an accurate, detailed, description of plaintiff's condition that is supported by the medical record.  Id.  The VE then suggest jobs a plaintiff with the given limitations could perform, and describes the availability of those jobs in the claimant's region.  Id.

Plaintiff contends that the ALJ's hypothetical was improper because it included a limitation for sitting eight hours of an eight-hour work day, while the RFC finding included six hours of sitting in an eight-hour work day.  ECF No. 18 at 23.  It is clear from the record that this is a distinction without a difference.  The VE found that the plaintiff can do sedentary work as a

general office clerk, hand packer, or electrical assembler. AR 30. "For purposes of sedentary work, 'periods of standing or walking should generally total no more than about 2 hours of an 8–hour workday, and sitting would generally total approximately 6 hours of an 8–hour workday.'" Bell v. Astrue, 640 F. Supp. 2d 1247, 1256 (E.D. Cal. 2009); quoting Titles II & XVI: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2, SSR 83-10 (S.S.A. 1983). Although the hypothetical posited eight hours of sitting in an eight-hour workday, AR 76, the non-disability finding did not follow from any difference in the ability to sit for eight hours or six. The ALJ found that plaintiff was limited to sitting for six hours, and the six-hour limitation is compatible with the sedentary jobs identified. See AR 22. Accordingly, any error is harmless.

D. The ALJ's RFC Finding is Properly Supported

Plaintiff contends that the ALJ's RFC findings are "deficient and wrong." ECF No. 18 at 23. Plaintiff's one-paragraph argument in support of this contention is little more than a laundry-list of the arguments previously addressed. Because the court has already found that the ALJ did not err in weighing the various medical opinions or evaluating plaintiff's credibility, and that the disputed hypothetical constitutes harmless error at most, plaintiff's challenge to the Step 3 RFC finding fails. The RFC determination is properly supported by substantial evidence.

VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 22), is GRANTED; and

3. The Clerk of the Court shall enter judgment for the Commissioner, and close this case.

DATED: September 26, 2018

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE